**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| **TOBY HOY**, individually and on behalf of a class of all persons and entities similarly situated, | : : : : | Case No.   3:21-cv-63 |
| Plaintiff, | : : | |
| v. | : : | **Class Action** |
| **SMARTSCRIPTS, LLC** | : : | **Jury Trial Demanded** |
| Defendant. | : : : | |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.    As the Supreme Court explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2.    Plaintiff Toby Hoy ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3.    The TCPA is designed to protect consumer privacy by prohibiting unsolicited, pre-recorded telemarketing calls to cellular telephones, unless the caller has the "prior express written consent" of the called party.

4. Plaintiff alleges that Defendant SmartScripts, LLC ("SmarScripts") made pre-recorded telemarketing calls to his cellular telephone and other individuals in order to promote their vehicle warranty administration services in violation of the TCPA.

5. Because the calls to Plaintiff were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff bring this action on behalf of proposed nationwide a class of other persons who were sent the same illegal telemarketing calls.

6. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

7. Plaintiff Toby Hoy is a resident of Iowa, in this District.

8. Defendant SmartScripts, LLC is an Iowa limited liability company with a registered agent of Craig A. Davis, located at 211 W. Washington St., Washington, IA 52353.

**Jurisdiction & Venue**

9. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

10. The Court has personal jurisdiction over the Defendant because it is a resident of this District and conducts its telemarketing activity into this District, as it did with the Plaintiff.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District and received the calls at issue in this District.

**The Telephone Consumer Protection Act**

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing …

can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA Prohibits Automated Telemarketing Calls

13. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

14. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

15. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

16. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115, ¶ 165 (2003).

17. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on

3

behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 FCC Rcd. 1830, 1844 (2012) (footnotes omitted).

**Factual Allegations**

18. SmartScripts markets and sells the services of delivering medications to consumers.

19. SmartScripts uses telemarketing to offer its services.

20. SmartScripts's telemarketing efforts include the use of automated pre-recorded message calls.

Call to Mr. Hoy

21. Mr. Hoy is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

22. On March 21, 2021, Mr. Hoy received a pre-recorded call on his cellular telephone number, (515) 808-XXXX.

23. The number called had been on the National Do Not Call Registry since January of 2021.

24. The pre-recorded message advertised the delivery of medication services.

25. However, the company was not identified in the pre-recorded message.

26. To identify the party that called, Mr. Hoy responded to the pre-recorded message.

27. He was offered the Defendant's goods and services.

28. Mr. Hoy had no prior relationship with SmartScripts before this contact and did not consent to be called by SmartScripts.

29. Mr. Hoy is not alone in his receipt of such calls.

30. The Caller ID for the pre-recorded call to him was (618) 305-7125.

31. This phone number has been identified as a "telemarketer call" on websites dedicated to tracking robocalls. *See e.g.* https://lookup.robokiller.com/p/618-305-7125.

32. That same website indicated over 1,800 such calls. *Id.*

## Class Action Allegations

33. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff bring this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

34. The class of persons Plaintiff proposes to represent is tentatively defined as:

PRE-RECORDED CELL PHONE CLASS

> All persons within the United States to whom (a) SmartScripts, and/or a third party acting on its behalf, made one or more non-emergency telephone calls; (b) using an artificial or prerecorded voice; (c) to a phone registered to a cellular telephone service or any other service for which the person is charged for the call; (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

35. Excluded from the class is the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

36. The class as defined above is identifiable through phone records and phone number databases that will be obtained through discovery.

37. The potential class members number at least in the hundreds, since automated telemarketing campaigns make calls to hundreds or thousands of individuals a day. Individual joinder of these persons is impracticable.

38. Plaintiff is a member of the class.

39. There are questions of law and fact common to Plaintiff and to the proposed a class, including but not limited to the following:

      a. Whether the Defendant violated the TCPA by using pre-recorded telemarketing to call cellular phones;

      b. Whether the Defendant placed calls without obtaining the recipients' prior consent for the call; and

      c. Whether Plaintiff and the class members are entitled to statutory damages because of the Defendant's actions.

40. Plaintiff's claims are typical of the claims of class members. Plaintiff's claims, like the claims of the class, arise out of the same common course of conduct by the Defendant and are based on the same legal and remedial theories.

41. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

42. In fact, the Plaintiff has foregone a simpler path to recovery by filing this matter as a putative class action, as opposed to an individual claim.

43. The actions of the Defendant are generally applicable to the class and to the Plaintiff.

44. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

45. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

## Legal Claims

### Count One:
### Violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)

46. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

47. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the telephone numbers of Plaintiff and members of the class using an artificial or prerecorded voice.

48. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violation of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the a class presumptively are entitled to an award of $500 in damages for each and every call made using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

49. If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the class are entitled to an award of up to treble damages.

50. Plaintiff and members of the class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers or numbers for which the recipient is charged for the call using an artificial or prerecorded voice in the future.

## Relief Sought

For themselves and all class members, Plaintiff request the following relief:

    A.    Certification of the proposed class;

    B.    Appointment of the Plaintiff as representatives of the class;

    C.    Appointment of the undersigned counsel as counsel for the class;

    D.    A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

    E.    An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

    F.    An award to Plaintiff and the a class of damages, as allowed by law;

    G.    Leave to amend this Complaint to conform to the evidence presented at trial; and

    H.    Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

PLAINTIFF,
By attorneys:

 /s/ **Eric S. Mail**
Eric S. Mail AT0011435
**PURYEAR LAW P.C.**
3719 Bridge Ave, Suite 6
Davenport, IA 52807
(P):   563.265.8344
mail@puryearlaw.com


By: /s/ **Anthony I. Paronich**
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com
*Subject to Pro Hac Vice*